MATTER OF ENCARNADO

In SECTION 248 Proceedings

A-12929527

*Decided by Acting Regional Commissioner May 15, 1963*

Application for change of nonimmigrant status pursuant to section 248, Immigration and Nationality Act, as amended, from that of a temporary visitor to that of a student to pursue a nurse's course in anesthetics is denied since the applicant as a former exchange visitor had received the maximum period of training specified for nurses, has not yet fulfilled the foreign residence requirement of section 212(e) of the Act, and the grant of her application under the circumstances would defeat the intent and purpose of the Mutual Educational and Cultural Exchange Act of 1961.

This application is before the Regional Commissioner by appeal from denial of the application by the District Director of Philadelphia, Pennsylvania on April 8, 1963 for the following reasons:

The activities scheduled by you consist primarily of employment for room and board, and your educational program fails to meet the requirements of student status under the Immigration and Nationality Act. You are, therefore, ineligible for the change of status requested.

Although the applicant takes issue with the reasons for denial, it is unnecessary to debate the matter since the application will be denied for the reasons discussed below.

The applicant, a native and national of The Philippines, was admitted to the United States in March 1960 as an Exchange Visitor as presently defined in section 101(a)(15)(J) of the Immigration and Nationality Act. She remained until completion of her program in nursing and departed for Canada in July 1962. She was thereafter admitted for six weeks as a section 101(a)(15)(B) nonimmigrant visitor at Buffalo, N.Y. on December 23, 1962 and now applies for a change of status to that of a section 101(a)(15)(F) nonimmigrant student to pursue a nurse anesthetist course.

Section 109 of the Mutual Educational and Cultural Exchange Act of 1961 made several amendments to the Immigration and Nationality Act. Among these was the creation and incorporation into the Immigration and Nationality Act of a special new nonimmigrant visa

designed to serve solely the purposes of the Mutual Educational and Cultural Exchange Act of 1961. The House Foreign Affairs Committee in Report No. 1094 (page 16) explained that the main purpose of this amendment is to reserve the "F" visa for students other than exchange students and make the new "J" visa available solely to nonimmigrants selected under the Exchange Program. Section 109 also emphasizes and places restrictions on the provisions of the law relating to the two-year-foreign-residence requirement applicable to exchange aliens and prohibits change in the classification of an exchange visitor under section 248 of the Immigration and Nationality Act to any other nonimmigrant classification except one relating to diplomatic or international organizational status.

To insure that exchange visitors remain in the United States only so long as is necessary to satisfy their objectives and the intent of the Act, the Secretary of State has issued regulations to establish general limits on their stay (22 CFR 63.5(b)). A two-year limit was specified for graduate nurses, the program area in which applicant participated for such a length of time.

It was recognized that former exchange visitors might have a *bona fide* reason to temporarily return to the United States before fulfilling their foreign residence requirements, so the Immigration and Nationality Act amendments by Public Law 87-256 left undisturbed their eligibility for issuance of visas in all nonimmigrant classifications except the one relating to employment and training as defined in section 101(a)(15)(H) of such Act. However, it was not intended that this eligibility would be used as a means to overcome or circumvent the intent of The Mutual Educational and Cultural Exchange Act of 1961 or be in conflict with its objectives.

The applicant, as a former exchange visitor, is still subject to the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act. Except for the fact she departed from the United States for a temporary period, she would be statutorily ineligible for the change of nonimmigrant status being sought. Likewise, she had already received the maximum period of training specified for nurses in 22 CFR 63.5(b). The grant of her application under these circumstances, even though it were conceded her proposed program qualifies for nonimmigrant status, would defeat the intent and purpose of The Mutual Educational and Cultural Exchange Act of 1961.

ORDER: The application is denied for the reasons outlined in the above discussion, and the appeal is dismissed.